UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| In re | ) |
| | ) |
| RICHMOND CHRISTIAN CENTER, | ) |
| | ) Case No. 13-36312-KLP |
| Debtor. | ) |
| | ) |

### DEBTOR'S OBJECTION TO APPOINTMENT OF CHAPTER 11 TRUSTEE

Richmond Christian Center ("RCC"), by counsel, states the following as its objection to the Motion for Entry of an Order appointing a Chapter 11 Trustee (the "Motion") filed by Foundation Capital Resources, Inc. ("FCR"):

### Summary of Objection

The appointment of a Chapter 11 trustee is impermissible as a matter of law because such an appointment violates the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb. The appointment of a trustee to control and operate a church would create a substantial burden on RCC's members' exercise of religion. Accordingly, appointment of a trustee is prohibited.

Regardless of the foregoing, in the more than three months since the Motion was filed, RCC has cooperated with FCR to recover the Transferred Parcels for the benefit of its creditors. Further, FCR has worked diligently to sell its real estate or refinance its loan with FCR for the purpose of repaying its obligations. Quite simply, there is no justification to remove the management of the church and install a trustee at the expense of RCC's creditors.

**Argument**

Appointment of a Chapter 11 Trustee is prohibited by RFRA

The basic provision of RFRA is:

(a) In general
Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b) of this section.

(b) Exception
Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person—

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000bb-1

Courts have generally held that the interests advanced by the Bankruptcy Code are not "compelling". In re Young, 82 F.3d 1407, 1420 (8th Cir. 1996), vacated on other grounds, 521 U.S. 1114 (1997). Because subsection (b) is drafted in the conjunctive, and because bankruptcy law is not a compelling governmental interest, subsection (b) is moot for purposes of this discussion. Consequently, the only inquiry for the Court is whether the appointment of a Chapter 11 trustee substantially burdens RCC's members' exercise of religion.

A Chapter 11 trustee has been described as a chief executive officer of the bankrupt entity. In re Lowry Graphics, Inc., 86 B.R. 74, 76 (Bankr. S.D. Tex. 1988). A trustee is vested with discretion to exercise his business judgment. Id. Thus, RCC's trustee would have the authority to hire and fire employees, including the pastor. The trustee would dictate how tithed funds were used, including which of the church's ministries were funded. Indeed, the trustee would have the authority to decide whether the church could continue to exist. Clearly, the

duties of a trustee would reach to every aspect of the church. Far less than this has been found to constitute a substantial burden on the exercise of religion.

In <u>In re Archdiocese of Milwaukee</u>, 496 B.R. 905 (E.D. Wis. 2013), a creditors' committee attempted to access funds held in a cemetery trust for the benefit of the estate's creditors. The debtor sought a declaration that accessing those funds would violate RFRA. The bankruptcy court held that the committee could access the cemetery funds. On appeal the district court reversed. The court noted that the maintenance of church cemeteries was a tenant of the Catholic Church and that removing funds from the trust would cause church officials to modify their behavior (i.e., be unable to carry out a tenant of their faith). Thus, the court held, the removal of the funds would place a substantial burden on the debtor's religious exercise. <u>Id</u>. at 921.

Within the last month, the United States Supreme Court reiterated the role of the court in determining whether a government action substantially burdens religious exercise. In <u>Burwell v. Hobby Lobby Stores, Inc.</u>, 2014 U.S. LEXIS 4505 (2014) plaintiffs, employers, claimed that being required to offer contraceptive coverage, as is required under the Affordable Care Act, imposed a substantial burden on their exercise of religion. Thus, RFRA prohibited the government mandate as to them. In defending the mandate, the government argued that the connection between the mandate (i.e., providing certain forms of birth control) and the perceived moral wrong (i.e., abortion) was too attenuated; providing coverage in and of itself does not cause the abortion. <u>Id</u>. at *68-69. The court rejected the government's position, holding that it was not the job of the courts to judge whether the plaintiffs' beliefs were reasonable, only whether they were sincerely held. <u>Id</u>. at 72-73. The court then considered the penalty imposed on plaintiffs if they did not comply with the mandate—as much as $475 million per year in the

case of Hobby Lobby. Because this penalty was substantial and burdened the plaintiffs' religious exercise, § 2000bb-1(a) was satisfied. Id. at 74.

RCC will necessarily face the same substantial burden as the Archdiocese of Milwaukee and the plaintiffs in Burwell faced if a Chapter 11 trustee is appointed. The trustee would control every aspect of the church operation and would decide how to appropriate tithed funds. Which ministries received funds and which employees were hired or fired would be within the purview of a court appointed official. The burden imposed on RCC under these circumstances is far more substantial than the reduction in available funds for cemetery maintenance or the provision of certain forms of contraceptive. The relief FCR seeks is total control over an operating religious institution. This is a clear violation of RFRA.

The trustees of RCC have effectively worked towards the reorganization of the debtor.

FCR makes a series of allegations regarding the management of the church, including that the debtor has not actively sought a sale of the real estate and failed to pursue a cause of action against the transferee of certain real estate. Neither of these allegations is accurate as portrayed by FCR.

RCC has actively sought a buyer for its property. Indeed, it has received offers and made counter offers. Counsel for RCC has followed up with agents for potential buyers, seeking to elicit offers. In addition RCC has made efforts to refinance FCR's obligations and has kept FCR apprised of these efforts. With respect to the Transferred Parcels, RCC was reluctant to initiate litigation, as are many churches. However, once FCR proposed the concept of derivative standing so it could investigate and pursue that claim, RCC promptly endorsed all necessary pleadings to accomplish that objective.

RCC is managed by a board of trustees which oversees the operations and finances of the church. The trustees have actively worked to continue the important ministries of the church while seeking to reorganize RCC's finances in a fair and equitable manner. FCR has not and cannot meet the stringent burden of proving a trustee is necessary.

## **Conclusion**

Appointment of a Chapter 11 trustee for RCC is prohibited by RFRA. Even if appointment of a trustee were permitted, FCR has not met the burden of proving such an appointment is required or desirable under the circumstances.

RICHMOND CHRISTIAN CENTER

By: _____/s/ Kevin J. Funk_____

Kevin J. Funk (VSB No. 65465)
DurretteCrump PLC
Bank of America Center
1111 East Main Street, 16th Floor
Richmond, Virginia  23219
Telephone:  (804) 775-6900
Facsimile:  (804) 775-6911
Email:  kfunk@DurretteCrump.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2014, a true and correct copy of the foregoing Objection was served via electronic means or via first-class mail on the United States Trustee and counsel for Movant.

_____/s/ Kevin J. Funk_____