Christopher L. Perkins (VA Bar No. 41783)
LeClairRyan, A Professional Corporation
919 East Main Street
Richmond, Virginia 23219
(804) 783-7550

*Counsel to Bruce H. Matson, Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| RICHMOND CHRISTIAN CENTER, | ) ) ) | Case No. 13-36312 |
| Debtor. | ) ) | |

**JOINT MOTION FOR ORDER APPOINTING MEDIATOR**

Bruce H. Matson, Chapter 11 Trustee (the "**Trustee**") for Richmond Christian Center (the "**Debtor**"), and Motley's Auctions, Inc. ("**Motley's**") by counsel, jointly move the Court for an Order appointing a judicial mediator and establishing a judicial mediation protocol. In support of this request, the Trustee respectfully represents as follows:

1. On November 22, 2013, the Debtor filed a voluntary petition (ECF No. 1) under chapter 11 of title 11 of the United States Code.

2. By order dated January 6, 2015, the Trustee was appointed in this case (ECF No. 203).

3. On May 1, 2015, Motley's filed its Application seeking payment of $201,250 as an administrative expense claim arising from the attempted sale of the Debtor's real property (ECF No. 270) ("**Application**").

4. The Trustee filed his Objection to the Application on May 15, 2015 (ECF No. 277).

5. The U.S. Trustee filed her Objection to the Application on May 18, 2015 (ECF No. 280)

6. This contested matter is scheduled for hearing on October 27, 2015.

7. The Trustee, U.S. Trustee and Motley's desire to mediate their dispute through the assistance of a sitting bankruptcy judge.

WHEREFORE, the Trustee respectfully requests that the Court enter an order in the form attached hereto as Exhibit A, and further relief as may be appropriate under the circumstances.

BRUCE H. MATSON, CHAPTER 11 TRUSTEE


/s/ Christopher L. Perkins
Counsel

Christopher L. Perkins (VA Bar No. 41783)
LeClairRyan, A Professional Corporation
919 East Main Street
Richmond, Virginia 23219
(804) 783-7550
*Counsel to Bruce H. Matson, Chapter 11 Trustee*

MOTLEY'S AUCTIONS, INC.


/s/ John C. Smith

John C. Smith, VSB No. 44556
SANDS ANDERSON PC
P.O. Box 1998
Richmond, VA 23218-1998
(804) 648-1636
*Counsel for Motley's Auctions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day August 2015, a true and correct copy of the foregoing was filed with the Court through the Clerk's CM/ECF filing system and served on all persons receiving electronic notice in this case and/or by first-class mail, postage prepaid, to the following parties:

Roy M. Terry
John C. Smith
SANDS ANDERSON, PC
PO Box 1998
Richmond, VA 23218
    *Counsel for Motley's Auctions, Inc.*

Kevin J. Funk
DurretteCrump PLC
1111 East Main Street, 16th Floor
Richmond, VA 23219
    *Counsel for Debtor*

Robert B. Van Arsdale
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
    *Assistant U.S. Trustee*

    /s/ Christopher L. Perkins
    Counsel

**EXHIBIT A**

Christopher L. Perkins (VA Bar No. 41783)
LeClairRyan, A Professional Corporation
919 East Main Street
Richmond, Virginia 23219
(804) 783-7550

*Counsel to Bruce H. Matson, Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RICHMOND CHRISTIAN CENTER, | ) | Case No. 13-36312 |
| | ) | |
| Debtor. | ) | |

**ORDER ESTABLISHING MEDIATION PROTOCOL**

This matter came before the Court upon the Joint Motion For Order Appointing Mediator It appearing the parties are in agreement, and the Court deeming it proper to do so,

**IT IS ORDERED** that the Motion is GRANTED; and

**IT IS ORDERED** that Motley's Auctions, Inc., and Bruce H. Matson (Chapter 7 Trustee) (the "Parties to the Mediation") SHALL ATTEND a mediation as defined in the attached Exhibit A (the "Mediation Protocol").

The Clerk is directed to send a copy of this Order to the parties on the attached Service List.

ENTERED: _____

UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:


_____
Christopher L. Perkins (VA Bar No. 41783)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
(804) 783-7550

*Counsel to Bruce H. Matson, Chapter 11 Trustee*



_____
Roy M. Terry, Jr. (VSB # 17764)
John C. Smith (VSB # 44556)
Sands Anderson, PC
PO Box 1998
Richmond, Virginia 23218
(804) 783-7269

*Counsel for Motley's Auctions, Inc.*


**LOCAL RULE 9022-1 CERTIFICATION**

  Pursuant to LBR 9022-1, I hereby certify that a true copy of the foregoing was endorsed by and/or served upon all necessary parties.


                 _____
                 Counsel

2

**SERVICE LIST**

Roy M. Terry
John C. Smith
SANDS ANDERSON, PC
PO Box 1998
Richmond, VA 23218
    *Counsel for Motley's Auctions, Inc.*

Kevin J. Funk
DurretteCrump PLC
1111 East Main Street, 16th Floor
Richmond, VA 23219
    *Counsel for Debtor*

Robert B . Van Arsdale
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
    *Assistant U.S. Trustee*

# EXHIBIT A
## MEDIATION PROTOCOL FOR BANKRUPTCY CASE 13-36312-KLP

1. **Participation.**

    a. Unless otherwise ordered by the United States Bankruptcy Court (the "Court"), for cause shown, counsel for and a representative with full settlement authority of each of the Parties to the Mediation shall attend the Mediation.

    b. The Office of the U.S. Trustee may participate in the Mediation under the same terms set forth in this Mediation Protocol for Parties to the Mediation by notifying the mediator. Upon such notice, the Office of the U.S. Trustee will be deemed a Party to the Mediation.

    c. Any other party in interest may participate in the Mediation under the same terms set forth in this Mediation Protocol for Parties to the Mediation by filing a motion with the Court requesting leave to participate, after advising each of the existing Parties to the Mediation of the party's desire to participate in the mediation and notifying the mediator. Upon entry of an order granting such motion, the party in interest will be deemed a Party to the Mediation.

2. **Mediator.** The Court hereby appoints the Honorable _____ to serve as mediator (the "Mediator") pursuant to Rule 83.6 of the Local Rules of Practice of the United States District Court for the Eastern District of Virginia ("Local Rule 83.6") to attempt to resolve the issues at mediation.

3. **Mediation.**

    a. As soon as practicable, the Parties to the Mediation shall participate in a status conference with the Mediator to discuss issues related to the Mediation, including but not limited to the scheduling of dates for the Mediation and the Mediator's preferred practices regarding mediation statements and other submissions.

    b. The Mediation shall be non-binding and shall take place at a location and time mutually agreeable to the Mediator and the Parties to the Mediation.

    c. The Parties to the Mediation shall provide confidential position statements and settlement proposals (the "Mediation Statements") to the Mediator in the form, manner, and at such time as the Mediator requests.

    d. Any statements made during Mediation shall not be disclosed to any person other than to other Parties to the Mediation and the Mediator and shall not be admissible in any proceeding before the Court, or any other court, pursuant to Rule 408 of the Federal Rules of Evidence and Section (E) of Local Rule 83.6.

    e. Immediately upon the conclusion of the Mediation, the Parties to the Mediation shall provide a report to the Court on the results of the Mediation.

    f. Each Party to the Mediation shall bear its own costs.

4. **Reservation of Rights.**

    a. Nothing contained herein shall prejudice the rights of any party.

    b. By participating in the Mediation, Parties to the Mediation are not waiving their rights to bring any claims or defenses on issues raised in connection with the Mediation in the event and/or to the extent that the Mediation does not result in a final settlement.

    c. By participating in the Mediation, neither any of the Parties to the Mediation, nor any of their respective counsel or professional advisors, assumes any duty to the Debtor, or to any person, or entity other than its own client or, subject to the terms of this Order, waives any right to seek alternative relief from the Court.

    d. The Court shall retain jurisdiction over any matters related to or arising from the Mediation.