IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEPHEN A. PARSON, SR.,

    Appellant

v.                                                           Civil Case No. 3:17-cv-827-JAG

BRUCE MATSON,

    Appellee.

## OPINION

The *pro se* appellant, Stephen Parson, Sr., served as pastor and Board member for the Richmond Christian Center ("RCC") from 1984 to 2015. RCC filed for bankruptcy in 2013 and, during the reorganization process, unanimously removed Parson from the Board and terminated him as pastor in 2017. Parson objected to the Chapter 11 trustee's motion to sell the church's property, arguing that his removal constituted a violation of the First Amendment's Free Exercise Clause. The Bankruptcy Court granted the motion to sell, and Parson appealed that order to this Court. Bruce Matson, the Chapter 11 trustee, moved to dismiss the appeal for lack of standing and equitable mootness. The Court grants the motion to dismiss because Parson lacks standing to appeal and his appeal is equitably moot.

## I. BACKGROUND

On November 22, 2013, RCC filed for Chapter 11 bankruptcy in the Bankruptcy Court for the Eastern District of Virginia. (Case No. 13-36312.) The Bankruptcy Court approved trustee Matson's amended reorganization plan in January 2016. Part of that plan transferred all of RCC's assets to a newly formed Virginia corporation, Richmond Christian Center, Inc. ("RCCI"). After unsuccessful efforts to restructure the debtor's loan, the secured lender,

Foundation Capital Resources ("FCR"), filed an adversary proceeding (AP No. 17-04465) seeking to foreclose on the property.

On November 10, 2017, Matson entered into a contract with United Nations Church International ("UNCI") for the sale of all RCCI real property. Matson filed a motion to sell the property free and clear of liens under section 363(f) of the Bankruptcy Code. The Bankruptcy Court granted the motion to sell, the parties closed the sale in January 2018, and title to RCCI's property transferred to UNCI. FCR accepted a discounted payment in full satisfaction of its loan and dismissed its adversary proceeding against RCCI. All other creditors also received court-approved payments on their loans.

When the Chapter 11 proceedings started, Parson served on RCC's Board and as its pastor. In February 2015, Parson voluntarily resigned from the Board and took a leave of absence as pastor, and ultimately RCCI's Board[1] terminated Parson as the church's pastor. Parson appealed the Bankruptcy Court's order to sell RCCI's property ("Sale Order"), and Matson moved to dismiss the appeal.

## II. DISCUSSION

Parson seems to base his appeal of the Sale Order on RCCI's decision to terminate him as its pastor.[2] In his opposition to the motion to dismiss, Parson claims that the Board's decision violated the Free Exercise Clause and the Bankruptcy Court's trustee order. Accordingly, Parson claims that the trustee conducted an invalid sale of the property. Matson moved to dismiss on

---

[1] When RCC reorganized as RCCI, the "Board of Trustees" became the "Board of Directors."

[2] The Court liberally construes *pro se* plaintiffs' filings. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also U.S. v. Drummond*, 62 F. App'x 444, 445 (4th Cir. 2003) (applying liberal construction standard to post-pleading *pro se* motion). This principle of liberal construction, however, has its limits. *Beaudett*, 775 F.2d at 1278; *see Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) ("In interpreting a *pro se* complaint . . . [the court's] task is not to discern the unexpressed intent of the plaintiff, but what the words in the complaint mean.").

2

two jurisdictional grounds. He argues that (1) Parson lacks standing to appeal the Sale Order, and (2) the appeal is equitably moot. The Court agrees with both claims.

### A. Standing

Before reviewing the merits of the appeal, the Court must first consider whether the appellant has standing to appeal the Sale Order. In a Chapter 11 bankruptcy proceeding, any "party in interest . . . may appear and be heard on any issue." To appeal a bankruptcy court's order, an appellant must show that the bankruptcy order made him a "person aggrieved." *In re Urban Broad. Corp.*, 401 F.3d 236, 243 (4th Cir. 2005). To qualify as a "person aggrieved," a bankruptcy appellant must show that the bankruptcy court's order directly and adversely affected his pecuniary interests. *Id.* at 244. In other words, the appellant must show that the order diminished his property, increased his burdens, or impaired his rights. *Mar-Bow Value Partners, LLC v. McKinsey Recovery & Transformation Servs. US, LLC*, No. 3:16-cv-799, 2017 WL 4414155, at *17 (E.D. Va. Sept. 30, 2017).

Parson fails the "person aggrieved" test. *In re Clark*, 927 F.2d at 795. Parson has no financial stake in the outcome of this appeal, and the Sale Order had no pecuniary effect on Parson. He did not have title to the property sold, and he cannot now act as a representative of the debtor since he voluntarily resigned as a Board member.[3] Accordingly, he lacks standing to appeal the Sale Order.

---

[3] During the Chapter 11 proceeding, Parson filed a motion to reinstate him as pastor of the church, arguing that Matson violated the Free Exercise Clause and the Bankruptcy Court's trustee order by coercing Parson to resign as a Board member and making the Board terminate him as pastor. The Bankruptcy Court denied his motion to reinstate, holding that to require the church to reinstate him would qualify as the exact unconstitutional action that Parson cited. Parson did not appeal that order, nor did he appeal the order approving the final reorganization plan disaffiliating him from the debtor.

## B. Equitable Mootness

Even if Parson could meet the standing requirements, his appeal would still fail as equitably moot. In a bankruptcy appeal, the doctrine of equitable mootness allows a district court to dismiss an appeal when it becomes impractical and imprudent to upset the bankruptcy court's order at a late date. *Behrman v. Nat'l Heritage Found.*, 663 F.3d 704, 713 (4th Cir. 2011). The Court considers four factors in making this determination: (1) whether the appellant sought and obtained a stay; (2) whether the parties have substantially consummated the sale of the property; (3) the extent to which the relief requested would affect the success of the sale of the property; and (4) the extent to which the relief requested would affect the interest of third parties. *Mac Panel Co. v. Va. Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002). In this case, all of these factors weigh in favor of equitable mootness.

First, Parson did not seek or obtain a stay of the Sale Order in the underlying proceeding. Second, the parties substantially consummated the sale because the creditors have received full payment and the Chapter 11 trustee no longer possesses the funds from the sale. Third, the relief requested would undo the sale and take away the payments made to creditors. Fourth, the relief requested would harm the interests of third parties by taking title from UNCI and forcing it to move out of the property while the bankruptcy proceeding trudged on. Considering all these factors, Parson's appeal would fail as equitably moot even if he could establish standing.

## III. CONCLUSION

For these reasons, the Court will grant Matson's motion to dismiss Parson's appeal concerning the Sale Order for lack of standing and as equitably moot.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record, and to the *pro se* appellant via U.S. mail.

Date: __April 18__, 2018  
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge